IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** * | |
| * | |
| **v.** * | Civil No. **PJM 20-1424** |
| * | Crim. No. **PJM 14-0024** |
| **RUEL FRANCIS DEMPSTER** * | |
| * | |
| Petitioner-Defendant. * | |
| * | |

## MEMORANDUM OPINION

Ruel Francis Dempster has filed a Motion to Vacate Judgment Under 28 U.S.C. § 2255 (ECF No. 66). For the reasons that follow, the Court **DENIES** the Motion.

### I. Procedural Background

On August 20, 2013, Dempster was stopped by a police officer, who frisked him and found a semi-automatic pistol tucked in his waistband. Am. Presentence Investigation R. & R. 4–5, ECF No. 42. Dempster was then arrested for carrying a concealed handgun. *Id.*

On January 16, 2014, Dempster was charged in a single-count indictment related to the August 20 events with Alien in Possession of Firearm in violation of 18 U.S.C. § 922(g)(5). ECF No. 9. On May 8, 2015, Dempster pled guilty to the offense in the Indictment. Rearraignment, ECF No. 31. The Court sentenced him to thirty-six months imprisonment to be followed by three years of supervised release. J. & C. 2–3, ECF No. 43.

One June 4, 2020, Dempster, through counsel, filed the pending Motion to Vacate under 28 U.S.C. § 2255 pursuant to the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Following the Supreme Court's subsequent decision in *Greer v. United States*, 141 S. Ct. 2090 (2021), Dempster's attorney requested to withdraw as counsel and informed the Court that Dempster did not wish to withdraw his Motion to Vacate. Mot. Withdraw Att'y, ECF No. 67.

1

The Court granted counsel's Motion to Withdraw on December 22, 2021. Order Granting Mot. Withdraw Att'y, ECF No. 68. The Court now considers the Motion to Vacate Judgment.

## II. *Rehaif*, *Gary*, and *Greer*

In *Rehaif*, the Supreme Court clarified the *mens rea* requirement for firearm-possession offense under 18 U.S.C. § 922(g). 139 S. Ct. at 2195. Rehaif was arrested and prosecuted under § 922(g) as an alien in possession of a firearm. *Id.* at 2194. At the end of his trial, the jurors were told—over the objection of Rehaif's counsel—that the "United States is not required to prove [that Rehaif] knew that he was illegally or unlawfully in the United States." *Id.* After being convicted by the jury, Rehaif appealed, arguing that knowledge of his status as an alien was a required element for conviction under § 922(g). *Id.* The Supreme Court agreed, finding that "the normal presumption of scienter" required applying a *mens rea* of "knowingly" to all elements of § 922(g). *Id.* at 2197. Thus, after *Rehaif*, the Government must prove not only that a defendant charged with violating § 922(g) knew he possessed a firearm but also that he knew he belonged to a group covered by § 922(g). *Id.*

In a pair of consolidated cases, the Supreme Court addressed the standard of review for appeals brought under *Rehaif*. In *United States v. Gary*, Gary was arrested, charged, and pled guilty to two counts of being a felon in possession of a firearm and ammunition in violation of § 922(g). 954 F.3d 194, 199 (4th Cir. 2020), *rev'd sub nom. Greer v. United States*, 141 S. Ct. 2090 (2021). Gary was not advised during his Rule 11 plea colloquy that, if he went to trial, the Government would have been required to prove that he knew he was a felon at the time of possession. *Id.* Gary appealed based on *Rehaif*, and the Fourth Circuit found that the failure to inform Gary of the knowledge element was plain error. *Id.* at 202. The court also found that these "*Rehaif* errors" are structural and require vacatur per se. *Id.* at 202–05. Thus, Gary was not required to demonstrate

actual prejudice, or that the outcome of the trial court proceedings would have been different, had he been informed of the knowledge element. *Id.* at 207–08.

In *Greer v. United States*, Greer was arrested, charged, and found guilty by a jury of being a felon in possession of a firearm. 798 Fed. App'x 483, 484–85 (11th Cir. 2020), *aff'd*, 141 S. Ct. 2090 (2021). During his trial, the district court did not instruct the jury that knowledge was an essential element of the offense. *Id.* at 486. Greer moved for a new trial based on the jury instruction. The Eleventh Circuit, applying plain-error review, rejected his argument. *Id.*

The Supreme Court consolidated *Gary* and *Greer* in *Greer v. United States*, 141 S. Ct. 2090 (2021), holding that a *Rehaif* error is not a basis for plain-error relief "unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." 141 S. Ct. at 2093. The main question considered by the Supreme Court was whether the plain *Rehaif* error affected the "substantive" rights in Gary's case. *Greer*, 141 S. Ct. at 2097. The Court rejected the Fourth Circuit's holding that a *Rehaif* error is structural, noting that unlike other structural errors, "the omission of a single element from a plea colloquy does not deprive defendants of basic protections without which a criminal [proceeding] cannot reliably serve its function as a vehicle for determination of guilt or innocence." *Id.* at 2100. The Court concluded that *Rehaif* errors must be examined under the normal plain-error standard and do not automatically require automatic vacatur of a sentence. *Id.*

### III. Discussion

In his Motion, Dempster relies on the Fourth Circuit's holding in *Gary* that *Rehaif* errors are structural errors that mandate vacatur; his motion was filed prior to the Supreme Court's reversal of that decision in *Greer*. Given the intervening change in law, this Court must now

consider whether Dempster's claim of error satisfies the standard tests of procedural default and plain-error review. The Court finds that it does not.

To be eligible for relief under § 2255, a petitioner must show, by a preponderance of the evidence, that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

As the Supreme Court held in *Greer*, *Rehaif* errors are reviewed for plain error. 141 S. Ct. at 2100. To demonstrate plain error, a defendant must show that: "(1) there was error; (2) the error was plain; and (3) the error affected their substantial rights." *United States v. Simmons*, 11 F.4th 239, 263 (4th Cir. 2021). Because plain-error review is discretionary, the Supreme Court has instructed lower courts not to vacate a judgment for plain error unless a defendant also shows that the plain error affecting substantial rights also "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993) (citation omitted).

When a defendant fails to object to an error during trial court proceedings or challenge the error on direct appeal, the right to have the error reviewed under the plain-error standard is considered procedurally defaulted. *U.S. v. Frady*, 456 U.S. 152, 167–68 (1982). To overcome procedural default on a motion under § 2255, a defendant must demonstrate both "cause" excusing the lack of direct challenge and "actual prejudice" resulting from the error being challenged. *United States v. Maybeck*, 23 F.3d 888, 891 (4th Cir. 1994) (citing *Frady*, 456 U.S. at 167–68 (1982)). To show "cause," the defendant must "show that some objective factor external to the defense" prevented raising the defaulted claim on direct review. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Actual prejudice" from a plea colloquy error requires a "reasonable probability that,

4

but for the error, [the defendant] would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004).

There is no question that Dempster here has "cause" for failing to raise the issue of knowledge as an element previously because *Rehaif* was not announced until after he had already entered his plea and received his sentence. However, he has not provided evidence of "actual prejudice" resulting from the *Rehaif* error and would be unlikely to satisfy this criterion. To demonstrate actual prejudice, he would need to show that, if this Court "had correctly advised him of the *mens rea* element of his offense, there is a reasonable probability that he would not have pled guilty." *Greer*, 141 S. Ct. at 2097 (internal quotation marks omitted). In assessing that probability, the Court presumes that Dempster was aware of his status as an alien. *See id.* (reasoning that "[i]f a person is a felon, he ordinarily knows he is a felon"). Indeed, the record before this Court contains substantial support that Dempster knew of his immigration status. In fact, Dempster had been previously arrested by Immigration and Customs Enforcement and subjected to deportation proceedings. Am. Presentence Investigation R. & R. 9. Given this, it is almost certain that Dempster knew of his alien status at the time he possessed a firearm. *See Campos v. United States*, No. 1:13-CR-129-2, 2021 WL 5742073 (M.D.N.C. Dec. 2, 2021) (finding that defendant failed to show substantial prejudice from *Rehaif* error where the presentence report demonstrated defendant's knowledge of his status as an alien). *See also Greer*, 141 S. Ct. at 2098 (noting that review of *Rehaif* error can include consideration of presentence report information).

Even if Dempster could demonstrate actual prejudice and overcome the procedural default, his claim would still not warrant vacatur on plain-error review. Under *Greer*, a *Rehaif* error is a plain error and satisfies the first two prongs of the plain-error test. 141 S. Ct. at 2097. For the third

prong—which asks whether a plain error affected a defendant's substantial rights—*Greer* requires Dempster to show that but-for the *Rehaif* error, he would have gone to trial and presented evidence that he did not have knowledge of his status as an alien. *Id.* As discussed previously, Dempster has not provided any evidence indicating that he would have gone to trial and mounted a *mens rea* defense but-for the *Rehaif* error, so his claim does not warrant vacatur. Even if he had provided such evidence, Dempster has failed to demonstrate that the *Rehaif* error in his case "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings," and thus would still not be entitled to vacatur under plain-error review.

### IV. Certificate of Appealability

Rule 11(a) of the Rules Governing § 2255 Cases directs district courts to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court has considered the record and finds that Dempster has not made the requisite showing.

### V. Conclusion

For the foregoing reasons, Dempster's Motion to Vacate (ECF No. 66) is **DENIED**, and the Court **DENIES** a certificate of appealability.

A separate order will **ISSUE.**

Date: February 17, 2022

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE